**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

AUG 15 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DUAL DIAGNOSIS TREATMENT CENTER, INC., a California corporation; et al., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> CENTENE CORPORATION, a Delaware corporation; et al., <br><br> Defendants-Appellees, <br><br> and <br><br> LIANN GOHARI; et al., <br><br> Defendants. <br><br> and <br><br> LAST CHANCE FUNDING INC.; FLORENTINE HOLDING COMPANY V, LLC, <br><br> Claimants, | No. 21-55962 <br><br> D.C. No. 2:20-cv-04112-SB-PVC <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Stanley Blumenfeld, Jr., District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted August 2, 2022
Pasadena, California

Before: CALLAHAN and H. THOMAS, Circuit Judges, and HUMETEWA,[**] District Judge.

Plaintiffs appeal the dismissal of their Third Amended Complaint (TAC) with prejudice. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand for further proceedings.

Plaintiffs are mental health and substance abuse treatment providers that allege that Defendants, insurance companies and their leadership, conspired to harm Plaintiffs' businesses. The TAC asserted claims under the Racketeer Influenced and Corrupt Organizations Act (RICO), alleging, in part, that Defendants conspired to initiate criminal proceedings against Plaintiffs by providing law enforcement and other insurance companies with false accusations of illegal activity. This information, Plaintiffs claim, served as the basis for search warrants that were executed simultaneously at several of Plaintiffs' facilities. As a result of Defendants' actions, Plaintiffs claim economic damage, such as being forced to close their bank accounts and ultimately being forced to close their businesses entirely.

---

[**] The Honorable Diane J. Humetewa, United States District Judge for the District of Arizona, sitting by designation.

We review the dismissal *de novo*, accepting the complaint's allegations as true and drawing inferences in the pleading party's favor. *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995 (9th Cir. 2014). To survive a motion to dismiss, the complaint must show the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Allegations of fraud must be made with particularity. Fed. R. Civ. P. 9(b). A claim need not seem probable, but it must be plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A RICO claim requires showing "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's 'business or property.'" *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005) (quoting *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996)). A RICO conspiracy claim requires an additional showing that the defendants entered into an agreement to violate RICO. *United States v. Fernandez*, 388 F.3d 1199, 1230 (9th Cir. 2004). The district court dismissed the TAC after concluding that it failed to adequately allege (1) Defendants' actions caused Plaintiffs' injury, (2) viable predicate acts, and (3) how some Defendants specifically engaged in a pattern of racketeering activity.[1]

---

[1] We reject Plaintiffs' argument that the district court failed to address these first two issues in its order dismissing the TAC. The district court clearly cited to the analysis made in its prior order, which elaborated on these issues.

1.     We conclude that the TAC provides a plausible theory of causation. For a RICO claim, the defendant's actions must be the "but for" cause and the proximate cause leading "directly to the plaintiff's injuries." *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 457–61 (2006). We consider three non-exhaustive factors when evaluating RICO causation: (1) whether there are more direct victims of the wrongful conduct, (2) whether it will be difficult to ascertain damages attributable to the defendant, and (3) whether complex rules will be needed to avoid multiple recoveries. *Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163, 1169 (9th Cir. 2002). Nothing in the TAC suggests a more direct victim than Plaintiffs; Plaintiffs have plausibly alleged the fact of damage; and there is no indication that complex rules will be required.

In dismissing the TAC, the district court relied upon *Galen v. County of Los Angeles*, 477 F.3d 652 (9th Cir. 2007), to support its conclusion that law enforcement's application for a search warrant and a magistrate judge's finding of probable cause are intervening acts that break the causal chain. But *Galen* does not foreclose the TAC's allegations of RICO causation as a matter of law. In *Galen*, in ruling on a motion for summary judgment, the court contemplated the possibility that a valid chain of causation could exist upon a showing of facts that a judicial official was prevented from exercising independent judgment. 477 F.3d at 663–64. Here, at the motion to dismiss phase, Plaintiffs' plausible allegations that

4

Defendants provided false information that successfully deceived law enforcement and the magistrate judge are sufficient to plead RICO causation.

2.      We conclude that Defendants' alleged misrepresentations to law enforcement and others constitute plausible predicate acts.[2] Defendants argue that findings by a state court in a separate case show that Plaintiffs' claims of misrepresentations are implausible.[3] Specifically, they argue the district court properly took judicial notice, under Federal Rule of Evidence 201, of a state court order finding that Plaintiffs had violated California law. But "taking judicial notice of findings of fact from another case exceeds the limits of Rule 201." *Wyatt v. Terhune*, 315 F.3d 1108, 1114 (9th Cir. 2003), *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc). Although Defendants may litigate the effect of the state court's order at a later phase, we conclude, at the pleading stage, that the TAC adequately alleges plausible predicate acts.

Defendants also argue that communications with law enforcement cannot serve as predicate acts under the *Noerr-Pennington* doctrine and that California

---

[2] We agree with the district court that the TAC does not adequately allege predicate acts with respect to alleged misrepresentations Defendants made directly to Plaintiffs.

[3] The Court notes Plaintiffs' objection to Defendants' filing (Doc. 49) under Federal Rule of Appellate Procedure 28(j) as an improper citation to authorities and irrelevant to this matter. (Doc. 50). The objection is well taken. Though we permit Defendants' filing, we do not consider it for purposes of our decision.

law required Defendants to report the suspected fraud. Because the district court did not address these issues, we decline to do so in the first instance. *See Singleton v. Wulff*, 428 U.S. 106, 120 (1976). For the same reason, we decline to reach Defendants' argument that the RICO claim is barred by the statute of limitations.

3.      Finally, we affirm the district court's conclusion that the TAC fails to make specific allegations showing that Defendants Centene Corp., Managed Health Network, Inc., and Michael Neidroff engaged in a pattern of racketeering activity. We agree with the district court's analysis noting the pleading's defect with respect to these Defendants. The TAC seldom mentions them, and it fails to state their involvement with Rule 9(b) specificity. We therefore affirm the district court's dismissal of the RICO claims as to Defendants Centene Corp., Managed Health Network, Inc., and Michael Neidroff. Contrary to the district court, however, we conclude that the TAC adequately pleads a RICO claim as to Defendants Health Net Life Insurance Company and Optum Services, Inc.

In sum, we reverse the district court's dismissal of the RICO claims against all defendants except Centene Corp., Managed Health Network, Inc., and Michael Neidroff. Because the district court, having dismissed the federal claims, declined to exercise supplemental jurisdiction over the state law claims, we also vacate that ruling and remand for reconsideration in accordance with this Order.

Each party shall bear its own costs.

6

**AFFIRMED** in part, **REVERSED** in part, and **REMANDED**.